**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 44360**

STATE OF IDAHO, )
)                   **Boise, September 2016 Term**
    Plaintiff-Respondent, )
)                   **2016 Opinion No. 144**
v. )
)                   **Filed:  December 8, 2016**
EDGAR FARFAN-GALVAN, )
)                   **Stephen Kenyon, Clerk**
    Defendant-Appellant. )

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

The district court's decision denying Farfan-Galvan's motion to dismiss or remand is <u>reversed</u> and the judgement of conviction is <u>vacated.</u>

Eric Fredericksen, State Appellate Public Defender, Boise, for appellant.  Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

HORTON, Justice.

Edgar Farfan-Galvan appeals from his conviction for felony driving under the influence ("DUI"). Before the district court, Farfan-Galvan moved to dismiss or remand the charge. Farfan-Galvan's motion was based upon his claim that one of the prior DUI convictions upon which the State relied to enhance the charge from a misdemeanor to a felony was obtained in violation of his Sixth Amendment right to counsel. The district court denied the motion. We reverse the decision of the district court and vacate Farfan-Galvan's judgment of conviction.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The State charged Farfan-Galvan with felony DUI on November 3, 2014. The DUI was charged as a felony because Farfan-Galvan had two prior DUI convictions, one from 2008 in Jerome County and one from 2010 in Twin Falls County ("the 2010 case"). This appeal addresses Farfan-Galvan's collateral attack on the judgment entered in the 2010 case. Thus, it is necessary to discuss the facts giving rise to that judgment.

1

Farfan-Galvan was arrested for misdemeanor DUI on September 5, 2010. According to the district court's opinion:

> He bonded out before arraignment and appeared at the courthouse counter on 09/09/10.[1] While at the counter, he signed (1) a Notification of Misdemeanor Rights, (2) a Notification of Penalties for Future Violations of Driving Under the Influence, (3) a Plea of Guilty form, and (4) a Notice of Hearing. The notice of hearing set [Farfan-Galvan's] "Acceptance of Plea and Sentencing" for 10/05/10.

The two documents that we deem to be significant are the "Notification of Rights Misdemeanor" and the "Plea of Guilty." The first document advised Farfan-Galvan of his rights, including the right to counsel including court-appointed counsel if he could not afford counsel. Farfan-Galvan's signature on the document acknowledged that he had "read this entire document and" understood it. The document does not contain any language regarding waiver of rights.

The Plea of Guilty form was evidently completed by two different people. Farfan-Galvan's handwriting is evident everywhere but in the caption and the description of the charge ("DUI – 2nd off.") and the maximum penalty ("Jail: 10-365 days Fine: 2,000 Lic. susp. 1 yr. mandatory.").[2] Although the form indicates that a plea of guilty involves waiver of the "rights to remain silent, have a jury trial and confront witnesses," it makes no mention of the right to counsel.

On September 14, 2010, Farfan-Galvan filed an application for the appointment of counsel. The following day, a deputy court clerk sent a letter to Farfan-Galvan informing him that the court had denied the application. The letter did not state why the application had been denied. The record is likewise silent as to whether Farfan-Galvan received the letter.

---

[1] Apart from the State's representation in its brief opposing Farfan-Galvan's motion that Farfan-Galvan "appeared before the clerk of the court" and the district judge's evident familiarity with courthouse procedures, there is nothing in the record which indicates that Farfan-Galvan had posted bond or the circumstances surrounding the execution of the documents. Based upon Farfan-Galvan's attorney's statements at oral argument, we understand that the district court correctly understood the circumstances surrounding the execution of these documents.

[2] At oral argument, Farfan-Galvan's attorney represented that other misdemeanor charges against Farfan-Galvan were dismissed, which suggested that "there's a prosecutor making rounds cutting deals with people." We note that the record is silent on this subject. Indeed, in the "Plea of Guilty" form, Farfan-Galvan indicated that no one had "made threats or promises" relating to his plea.

Although not a basis for our decision, we observe that we are aware of the practice by certain prosecuting entities of initiating contact with defendants while they are in custody in advance of their initial appearance or arraignment in order to extend plea offers which, if not accepted, expire at the time of the initial appearance or arraignment.

We take this opportunity to express our disapproval of this practice. In our view, the practice of establishing the initial appearance or arraignment as the time a plea bargain offer expires has the practical effect of dissuading indigent defendants from seeking the assistance of court-appointed counsel to evaluate the offer. At a minimum, we view such conduct as violating Idaho Rules of Professional Conduct 3.8(b), 3.8(c) and 8.4(d).

Farfan-Galvan appeared before a magistrate judge on October 5, 2010. The following is the entire discussion before the court began discussing Farfan-Galvan's sentence:

THE COURT: Edgar Farfan-Galvan, CR-10-10207. Mr. Galvan, are you represented by counsel?

THE DEFENDANT: What's that?

THE COURT: Do you have a lawyer?

THE DEFENDANT: I don't.

THE COURT: Okay. What would you like to say before I decide what I should do?

The magistrate then proceeded to sentence Farfan-Galvan for the second offense DUI and entered a judgment of conviction the same day. The record is silent as to when Farfan-Galvan's written plea of guilty was accepted.[3] Of particular significance to this appeal, there is no indication in the record that Farfan-Galvan waived his right to counsel.

On November 25, 2014, Farfan-Galvan filed his alternative motion to dismiss or remand the felony DUI charge, collaterally attacking the conviction entered in the 2010 case. Farfan-Galvan argued that his 2010 conviction was entered in violation of his right to counsel and that the record in the 2010 case did not show that he had waived his right to counsel. The motion came before the district court for hearing. No evidence was presented, but the parties agreed that the district court could take judicial notice of the transcript of the proceedings before the magistrate court in the 2010 case, the documents identified by the district court as having been executed before the clerk, and the 2010 judgment of conviction. Relying heavily on our decision in *State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004), the district court denied the motion, holding

---

[3] The magistrate court's judgment suggests that the plea of guilty had been accepted prior to October 5, 2010, although one may certainly question the reliability of the judgment as to the sequence of events. The judgment states that Farfan-Galvan "appeared ☑ with ☐ without counsel to be sentenced, having ☑ pled ☐ been found guilty."

Although not before the district court and therefore not part of the record on appeal, we note that the register of actions from the 2010 case reflects that Farfan-Galvan's plea was entered on September 9, 2010. If this is true, it is more than slightly problematic. Contrary to the district court's statement that Farfan-Galvan's "plea was actually made at the courthouse counter, pursuant to Idaho [M]isdemeanor Criminal Rule 14," Idaho Misdemeanor Criminal Rule 14(b) does not permit the clerk to accept a written guilty plea to a DUI charge. Further, Idaho Code section 19-3905, dealing with proceedings in the magistrate's division of the district court, provides that the defendant's "plea must be oral, and entered in the minutes."

In *State v. Weber*, we held that a party could not collaterally attack a judgment for a violation of Idaho Criminal Rule 11(c). 140 Idaho 89, 96, 90 P.3d 314, 321 (2004). Although we do not decide this case on this basis due to the silence of the record, we do observe that there is one important distinction between a violation of I.M.C.R. 14 and I.C.R. 11(c). In the latter instance, a judge is authorized to accept a plea of guilty.

that the record did not demonstrate that Farfan-Galvan was denied the right to appointed counsel at public expense, as established in *Gideon v. Wainwright*, 372 U.S. 335 (1963).

The district court noted that both *Weber* and *Custis v. United States*, 511 U.S. 485 (1994), stand for the proposition that only a denial of the right to counsel, as established by *Gideon v. Wainwright*, 372 U.S. 335 (1963), is actionable in a collateral proceeding. The district court found that the magistrate judge in the 2010 case denied Farfan-Galvan's application for appointed counsel because Farfan-Galvan was not indigent. Accordingly, the district court denied the motion to dismiss or remand the case because Farfan-Galvan's right to appointed counsel under *Gideon* was not violated.

On December 29, 2014, Farfan-Galvan entered a conditional guilty plea to felony DUI, preserving his right to appeal the district court's decision. In an unpublished opinion, the Idaho Court of Appeals affirmed the district court's decision. We then granted Farfan-Galvan's petition for review.

## II. STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *Pierce v. State*, 142 Idaho 32, 33–34, 121 P.3d 963, 964–65 (2005). When a violation of a constitutional right is asserted, this Court will accept the trial court's factual findings unless such findings are clearly erroneous; however, this Court will freely review whether constitutional requirements have been satisfied in light of the facts found. *State v. Stanfield*, 158 Idaho 327, 331, 347 P.3d 175, 179 (2015).

## III. ANALYSIS

The district court explained the basis for its decision as follows:

> [Farfan-Galvan] claims that he was denied the right to counsel because at his acceptance of plea/sentencing hearing, the magistrate did not engage in a full *Faretta* [*Faretta v. California*, 422 U.S. 806 (1975)] colloquy to ensure that he knowingly and intelligently waived his right to counsel. In support of this claim, he refers to *State v. Lovelace*, 140 Idaho 53, 90 P.3d 278 (2003), for the proposition that to be valid, a waiver of the right to counsel must have been knowingly, voluntarily, and intelligently effected.
> … [B]oth *Weber* and *Custis* recognize that while many constitutional violations may justify collateral attacks of this nature, only a denial of the right to counsel as established by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792 (1963), is actionable in a collateral proceeding.

4

… *Gideon* stands for the right of an indigent defendant to have counsel appointed at public expense. [Farfan-Galvan] was not denied this right.

…

Whether the record before the court demonstrates violations of Idaho Criminal Rule 11 or any number of [Farfan-Galvan's] constitutional rights is not properly before the court. Challenges to the validity of prior convictions alleged to have been obtained as the result of invalid guilty pleas must be raised either through a direct appeal or by post-conviction relief and not in proceedings related to a subsequent felony DUI offense. *Weber*, 140 Idaho at 96, 90 P.3d at 321.

The district court's focus on the scope of the collateral attack was clearly influenced by the broad ruling that Farfan-Galvan's attorney sought. At oral argument before the district court, Farfan-Galvan's attorney argued:

Obviously, in this prior case, the initial inquiry is, did he have an attorney? And the clear answer is, no. And then the further inquiry is, was there a valid waiver of counsel in that case. I think very clearly Idaho law requires, with very few exceptions that a defendant at the very least be advised of the dangers of self-representation; and once he has had that colloquy with the court, then the court, I think, can take a valid waiver of counsel.[4]

There is also language in *Weber* that supports the district court's narrow focus on the question of whether Farfan-Galvan was denied the right to *appointed* counsel. In *Weber*, this Court determined that defendants may not collaterally attack the validity of a prior conviction used for enhancement purposes based upon a violation of Idaho Criminal Rule 11(c). 140 Idaho at 96, 90 P.3d at 321. This holding followed an extensive discussion of the U.S. Supreme Court's decision in *Custis*. *Id*. at 92–95, 90 P.3d at 317–20. Discussing *Custis*, we stated:

The Court also stated that the right, recognized in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), to collaterally attack prior convictions used for sentence enhancement purposes cannot be extended beyond the right,

---

[4] We have explicitly rejected trial counsel's contention that a *Faretta*-type inquiry is necessary in order for a waiver of the right to counsel to be valid:

The dangers of self-representation at trial are obvious. The intricacies of the procedures, the rules of evidence, and the law are sufficient to justify extra care in making sure the defendant appreciates the difficulties in conducting a trial without the assistance of a lawyer. Certainly a guilty plea is an important part of a criminal proceeding. *McMann v. Richardson*, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 772 (1970) ("to plead guilty ... frequently involves the making of difficult judgments"). We are not convinced, however, that the judgments that confront a defendant who pleads guilty in a misdemeanor case are sufficiently difficult to warrant a requirement that the trial court must advise the defendant of the problems inherent in entering a plea without counsel.

*State v. Maxey*, 125 Idaho 505, 509, 873 P.2d 150, 154 (1994) overruled on other grounds by *State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004).

5

established in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to have appointed counsel. [*Custis*, 511 U.S. at 496], 83 S.Ct. 792. Since *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and running through *Burgett* and *Tucker*, "there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect." [*Custis*, 511 U.S. at 486].

*Weber*, 140 Idaho at 93, 90 P.3d at 318.

However, we find that the district court focused too narrowly on the question of *appointment* of counsel and ignored the threshold issue whether the record in the 2010 case reflected a violation of Farfan-Galvan's *right* to counsel. Farfan-Galvan's motion noted that, "[a]s early as 1967, the U.S. Supreme Court held that waiver of counsel cannot be presumed from a silent record. *Burgett v. Texas*, 389 U.S. 109, 114–15 (1967) (citing with approval to *Carnley v. Cochran*, 369 U.S. 506 (1962))."

As the record in the 2010 case is silent as to whether Farfan-Galvan waived his right to counsel, we find the decision in *Burgett* to be controlling. In *Burgett*, the defendant's attorney objected to the introduction of a certified copy of a judgment of conviction "on the ground that the judgment on its face showed that petitioner was not represented by counsel in violation of the Fourteenth Amendment. There was no indication in the record that counsel had been waived." 389 U.S. at 112. The U.S. Supreme Court discussed the holding in *Gideon*:

> Gideon v. Wainwright established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. See Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41. In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

389 U.S. at 114–15. We find the foregoing statement to be significant for three reasons. First, for purposes of its decision in *Burgett*, the U.S. Supreme Court considered the important holding in

*Gideon* to be the incorporation of the Sixth Amendment right to the assistance of counsel. In *Gideon*, the Court reversed *Betts v. Brady*, 316 U.S. 455 (1942), holding:

> We accept Betts v. Brady's assumption, based as it was on our prior cases, that a provision of the Bill of Rights which is 'fundamental and essential to a fair trial' is made obligatory upon the States by the Fourteenth Amendment. We think the Court in Betts was wrong, however, in concluding that the Sixth Amendment's guarantee of counsel is not one of these fundamental rights.

*Gideon*, 372 U.S. at 342. The second holding in *Burgett* that we deem to be significant is that a judgment is void unless the defendant had a lawyer or waived the right. 389 U.S. at 114. Finally, *Burgett* unambiguously reaffirmed its earlier holding in *Carnley* that courts may not infer a waiver of the right to counsel from a silent record. *Id*. at 114–15.

The Supreme Court reiterated these principles in *Tucker*:

> The Gideon case established an unequivocal rule 'making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one.' Burgett v. Texas, 389 U.S. 109, 114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319. In Burgett we said that '(t)o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case.' Id., at 115, 88 S.Ct., at 262.

404 U.S. at 449. The record before the district court did not contain any indication that Farfan-Galvan had waived the right to counsel in the 2010 case. Therefore, that conviction cannot serve as the basis to enhance the charge to a felony. Therefore, we reverse the district court's decision denying his motion to dismiss or remand.[5] In light of this holding, Farfan-Galvan's judgment of conviction must be vacated.

## IV. CONCLUSION

We reverse the district court's decision denying Farfan-Galvan's motion to dismiss or remand and vacate the judgment of conviction.

---

[5] Dismissal of the charge is not the appropriate remedy.

> "The existence of two or more convictions under Idaho Code section 18–8004, or some substantially similar statute, are predicates for the enhancement and not elements of a separate offense." "[E]nhancements are not considered to be a new offense for which there is a separate sentence. Rather, the enhancement is an additional term and is part of a single sentence for the underlying crime." *State v. Burnight*, 132 Idaho 654, 658–59, 978 P.2d 214, 218–19 (1999).

*State v. Schall*, 157 Idaho 488, 492, 337 P.3d 647, 651 (2014). Farfan-Galvan has not challenged the validity of the 2008 Jerome County DUI conviction nor has he suggested that there is a basis for complete dismissal of the DUI charge to which he has entered a conditional guilty plea. Thus, the appropriate remedy is for the district court to remand the case to the magistrate's division of the district court in order to permit the State to pursue the charge as a second offense DUI.

Chief Justice J. JONES and Justice EISMANN **CONCUR**.

BURDICK, J. specially concurring.

I concur with the majority's reasoning and conclusion that Farfan-Galvan's 2010 conviction cannot serve as the basis to enhance his 2014 DUI charge. I write only to further distinguish the present case from *Custis v. U.S.*, 511 U.S. 485 (1994), and *State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004).

In *Custis*, the defendant attempted to collaterally attack two prior convictions that were the basis for an enhancement of his sentence under the Armed Career Criminal Act of 1984. 511 U.S. at 487. The defendant challenged the use of the two prior convictions on the grounds of ineffective assistance of counsel and on the grounds that one of his guilty pleas was not knowing and intelligent as required under the Constitution. *Id.* at 488. The U.S. Supreme Court rejected these arguments. *Id.* at 496.

In *Weber*, the defendant attempted to collaterally attack two prior DUI convictions that served as the basis to enhance a subsequent DUI charge to a felony. 140 Idaho at 91, 90 P.3d at 316. The defendant argued the prior convictions were invalid because his guilty pleas in those cases were obtained in violation of Idaho Criminal Rule 11(c) and the constitutional requirement that guilty pleas be knowing and voluntary. *Id.* Relying on the U.S. Supreme Court's decision in *Custis*, we rejected this argument. *Id.* at 94, 90 P.3d at 319.

This case is neither *Custis* nor *Weber*. In *Custis*, the defendant was represented by counsel. Here, Farfan-Galvan was not. In *Weber*, the defendant's collateral attack was based on perceived inadequacies in his previous guilty pleas. Here, Farfan-Galvan's collateral attack is based on the lack of counsel. An attack based on lack of counsel falls squarely within the "sole exception of convictions obtained in violation of the right to counsel." *Weber*, 140 Idaho at 92, 90 P.3d at 317 (citing *Custis*, 511 U.S. at 485). Thus, while *Custis* and *Weber* mention in dicta the validity of collateral attacks in reference to instances where indigent defendants have been denied appointed counsel, those cases do not directly address the question here: whether the lack of any counsel, appointed or otherwise, may serve as the basis for a collateral attack. Rather, as pointed out by the majority, that question is clearly answered in the affirmative by *Burgett v. Texas*, 389 U.S. 109, 114–15 (1967) (holding that prior convictions obtained where the

8

defendant was not represented by counsel and where there was no indication in the record that the defendant had waived counsel could not be used as the basis for a sentence enhancement).

W. JONES, J. concurring in part and dissenting in part.

I concur with the majority's disapproval of the procedure by which Mr. Farfan-Galvan pleaded guilty regarding the 2010 conviction. I cannot, however, agree with the majority's decision to allow Mr. Farfan-Galvan's collateral attack on his 2010 conviction. *Custis v. U.S.*, 511 U.S. 485 (1994), and *State v. Weber*, 140 Idaho 89, 90 P.3d 314 (2004), clearly limit collateral attacks to situations where a defendant's right under *Gideon v. Wainwright*, 372 U.S. 335 (1963) was violated. "[F]ailure to appoint counsel for an indigent defendant [is] a unique constitutional defect" and is the only collateral attack that the Constitution permits a defendant to make on a prior conviction used for enhancement with respect to a later charge of criminal conduct. *Custis*, 511 U.S. at 496.