**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45537**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 14, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BILLY JOE GERST, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for felony operating a motor vehicle while under the influence of alcohol, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Billy Joe Gerst appeals from the judgment of conviction entered on his conditional guilty plea to felony driving under the influence. Gerst challenges the district court's denial of his motion in limine. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2017, the State charged Gerst under Idaho Code §§ 18-8004 and 18-8005(6) with one felony count of driving under the influence (DUI), which requires proof of two prior DUI convictions in the preceding ten years. One of the predicate DUI charges the State relied on was Gerst's prior 2007 DUI conviction in Bannock County (2007 DUI). In that case, Gerst represented himself. The record in the 2007 DUI case showed that: (1) Gerst signed a

1

notification of penalties advising him that a third DUI in ten years would be a felony; (2) he signed a pretrial stipulation and order containing language waiving his right to counsel; and (3) he signed a judgment of conviction also indicating he waived his right to counsel.

In Gerst's motion in limine, he sought to exclude his 2007 DUI. He argued he did not knowingly and intelligently waive his right to counsel. The district court held an evidentiary hearing on the motion, and Gerst testified. Following the hearing, the district court denied Gerst's motion, ruling that "Gerst presented no evidence that he was denied the right to counsel" in the 2007 DUI case. Gerst then entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motion in limine.

## II.

## STANDARD OF REVIEW

A trial court's determination on a motion in limine will only be reversed where there has been an abuse of discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When reviewing a trial court's discretionary decision, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). When a violation of a constitutional right is asserted, this Court will accept the trial court's factual findings unless such findings are clearly erroneous; however, this Court will freely review whether constitutional requirements have been satisfied in light of the facts found. *State v. Farfan-Galvan*, 161 Idaho 610, 613, 389 P.3d 155, 158 (2016); *State v. Stanfield*, 158 Idaho 327, 331, 347 P.3d 175, 179 (2015).

This Court will defer to the district court's credibility findings. "Great deference must be accorded to the trial court's special opportunity to assess and weigh the credibility of the witnesses." *State v. Miller*, 131 Idaho 288, 295, 955 P.2d 603, 610 (1997). "Generally, the question whether a witness is to be believed is a question for the fact finder." *Id.* "This general rule should be applied even when the testimony of the witness is uncontradicted." *Id.* "[I]f the trier of fact finds that the witness is not credible, the witness' testimony need not be accepted." *Id.*

2

## III.

## ANALYSIS

When the State uses a prior conviction for enhancement purposes, the defendant may collaterally attack the conviction based on a denial of his Sixth Amendment right to counsel. *See, e.g.*, *Farfan-Galvan*, 161 Idaho at 613, 389 P.3d at 158. A valid waiver of counsel must be intelligent, knowing, and voluntary. *Faretta v. California*, 422 U.S. 806, 835 (1975). Determining if there is such a valid waiver will depend on case-specific factors, which can include the nature of the charge and the stage of the proceeding. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). Though a guilty plea in a misdemeanor case is a critical stage of a criminal proceeding, it is not sufficiently difficult to require the trial court to administer a *Faretta* warning advising of the dangers associated with waiving the right to counsel. *Faretta*, 422 U.S. at 835.

For felony enhancement purposes, the State only has the initial burden of showing the existence of prior convictions. To collaterally attack a prior conviction, the defendant must show an invalid waiver of his right to counsel. *Tovar*, 541 U.S. at 92. The defendant has the burden in a collateral attack on an uncounseled conviction to prove that he did not competently and intelligently waive his right to the assistance of counsel. *Id*. Thus, the parties' respective burdens when a defendant collaterally attacks a prior conviction are as follows:

> [T]he state must first establish the existence of the prior convictions on which the state is relying for enhancement purposes. This burden requires only that the state produce the judgments of conviction or other evidence of the existence of the convictions. Once the state meets that burden, the burden going forward with proof that the conviction was constitutionally defective is placed on the defendant. Accordingly, the defendant must produce evidence establishing a constitutional challenge to the validity of the judgments on which the state relies. The state must then prevail on its claim of the validity of the prior judgments.

*State v. Schwab*, 153 Idaho 325, 330, 281 P.3d 1103, 1108 (Ct. App. 2012) (citations omitted); *see also State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996). Defense counsel's mere assertions, unsupported by evidence introduced into the record, are not sufficient to establish a constitutional challenge to the validity of a waiver; the defendant must present some evidence of a constitutional defect to shift the burden to the State. *State v. Moore*, 148 Idaho 887, 895-96, 231 P.3d 532, 540-41 (Ct. App. 2010).

In this case, the district court rejected Gerst's collateral attack on his 2007 DUI because "Gerst presented no evidence that he was denied the right to counsel." Gerst challenges this ruling, arguing that the district court "presumed" a valid waiver "from a silent record." A fatal

problem with Gerst's argument is that he contends "[t]he State bears the burden of establishing that a waiver was *valid*."[1] (Emphasis added.) That contention is incorrect in the context of a collateral attack. The parties do not dispute that the State proved the existence of Gerst's 2007 DUI, at which time the burden shifted to Gerst to prove the waiver was *invalid*; namely Gerst had to produce evidence showing the waiver was not intelligent, not knowing, or involuntary. *See Schwab*, 153 Idaho at 329-30, 281 P.3d at 1107-08 (discussing burden on collateral attack).

Moreover, the record is not "silent" about whether Gerst's waiver was valid. The district court took judicial notice of two documents relating to Gerst's 2007 DUI that indicate Gerst received information about his rights, including his right to counsel, and that further indicate he voluntarily waived that right. The pretrial order in the 2007 DUI case provides that "if the Defendant signs this document indicating he will plead guilty, he hereby agrees that he does so with full knowledge of his constitutional and statutory rights, including the possible consequences of said plea and that he WAIVES said rights, including the right to counsel, if applicable." Gerst signed this pretrial order. Gerst also signed the 2007 DUI judgment, on which he checked both a box indicating the magistrate had explained Gerst's rights and a box indicating he waived those rights.

On appeal, Gerst argues these documents are inadequate to show his waiver was knowing and intelligent. Specifically, Gerst challenges the judgment because, in addition to checking boxes indicating that the magistrate explained Gerst's rights and that he waived those rights, Gerst also inconsistently checked a box indicating his rights were "explained by counsel." Further, regarding the pretrial order, Gerst argues there is nothing in the record showing he was ever informed of his right to counsel such that Gerst knew it was "applicable" in the 2007 DUI case.

Gerst's arguments, however, are unsupported by evidence and, thus, insufficient to show an invalid waiver. *See Moore*, 148 Idaho at 895, 231 P.3d at 540 (concluding "counsel's mere assertions, unsupported by some evidence introduced into the record, are not sufficient"). Gerst had the burden to present evidence to the district court that he did not knowingly and

---

[1] Both parties on appeal incorrectly assert the State has the burden to show the waiver of the defendant's right to counsel was constitutionally valid. In support of this proposition, both parties cite to cases addressing direct attacks on a conviction. Because Gerst's attack is a collateral attack, however, Gerst has the burden of establishing the waiver's invalidity. The district court in reaching its decision articulated and applied the correct burden.

intelligently sign the pretrial order and judgment. Gerst had this opportunity during the evidentiary hearing on his motion in limine. During this hearing, Gerst testified that he never asked for counsel and that he did not remember ever being denied counsel. To most other questions, Gerst simply responded that he did not remember. Notably, Gerst did not offer any testimony in support of his arguments that he did not understand that by signing the pretrial order and the judgment he was waiving his right to counsel. Although Gerst did testify that he does not remember knowing he had a right to counsel, the district court did not find this testimony credible. As it noted, "Gerst forgot so much about the case that it strains credulity to think that he remembers not knowing he had the right to appointed counsel." This Court defers to such credibility findings.

Gerst also challenges the district court's ruling because the magistrate in the 2007 DUI case "never engaged in any kind of a colloquy to ensure [Gerst] knew he had a right to appointed counsel." For example, Gerst argues there is no record that the magistrate "inquired as to his age, education, and familiarity with the English language to determine if he knew what he was doing," and "the State failed to prove otherwise." Gerst's argument fails for two reasons. First, Gerst again mischaracterizes the burden; Gerst had the burden to present evidence to the district court that he did not understand he was waiving his right to counsel because of his age, lack of education, unfamiliarity with English, or otherwise. Gerst, however, offered no such evidence.

Second, Gerst's argument fails because it calls for a colloquy by the magistrate that is not required when a defendant pleads guilty to a misdemeanor. "A discussion of the hazards of self-representation by the trial court is *not* necessary to ensure the validity of a waiver when a pro se defendant is pleading guilty to a misdemeanor." *State v. Jackson*, 140 Idaho 636, 640, 97 P.3d 1025, 1029 (Ct. App. 2004). To require the magistrate to engage in a colloquy of the nature Gerst suggests would be tantamount to requiring a *Faretta*-type warning.

The district court did not misapply *Farfan-Galvan*, as Gerst argues, by concluding that the absence of a *Faretta* inquiry does not invalidate Gerst's waiver of counsel. In *Farfan-Galvan*, the Idaho Supreme Court reiterated its prior ruling that a *Faretta*-type inquiry is unnecessary for a valid waiver of the right to counsel in a misdemeanor case. *Farfan-Galvan*, 161 Idaho at 614 n.4, 389 P.3d at 159 n.4. Furthermore, the facts in *Farfan-Galvan* are distinguishable from this case.

5

In *Farfan-Galvan*, the State charged the defendant with an enhanced DUI based on two prior DUI convictions. The defendant collaterally attacked one of those convictions, arguing his right to counsel had been violated. The district court did not conduct an evidentiary hearing; rather, it took judicial notice of the judgment of conviction, the transcript, and other documents in the underlying proceeding. *Id.* at 612, 389 P.3d at 157. The documents included a notice of penalties, a guilty plea, the defendant's application for the appointment of counsel, and the clerk's letter denying his application. *Id.* at 611-12, 389 P.3d at 156-57. None of this information contained any indication that the defendant waived his right to counsel. Regardless, the district court denied the defendant's motion to dismiss his enhanced DUI charge. *Id.* at 613, 389 P.3d at 158. It concluded the defendant's right to counsel had not been violated in the underlying conviction; rather, his application for counsel had been denied because he was not indigent. *Id.*

On appeal, the Idaho Supreme Court reversed. It noted that the district court had focused too narrowly on the issue of the defendant's appointment of counsel and ignored the issue of whether defendant's right to counsel had been violated. *Id.* at 614, 389 P.3d at 159. The Supreme Court further noted that there was no indication in the record that the defendant had waived that right; instead, the record was silent. Because the record did not contain any indication of a waiver, the Court concluded the State could not use the prior conviction for a felony enhancement. *Id.* at 614, 389 P.3d 159.

Unlike *Farfan-Galvan*, the record in this case is not silent as to Gerst's waiver. Gerst signed the pretrial order and judgment in the 2007 DUI case, both of which expressly waived Gerst's right to counsel. The district court held an evidentiary hearing to determine whether this waiver was valid. Gerst testified, but he offered no evidence that his waiver was not knowing and intelligent, other than his testimony that he did not know he could have appointed counsel. The district court, however, found this testimony not credible. Consequently, Gerst offered no credible evidence that his waiver was not intelligent, knowing, and voluntary; thus, he failed to meet his burden of showing a constitutional challenge to the validity of his waiver. In contrast, the State offered documents tending to prove Gerst did validly waive his right to counsel. Based on the evidence before the district court, we conclude it did not abuse its discretion by ruling Gerst's 2007 DUI was valid and, therefore, admissible.

## III.

## CONCLUSION

Gerst failed to meet his burden to show his right to counsel in the 2007 DUI case had been denied. Accordingly, the district court did not err in denying Gerst's motion in limine, and the judgment of conviction is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.