**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49260**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  August 31, 2022** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| MICHAEL KLEE WALLACE, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy Baskin, District Judge.  Hon. Thomas Watkins, Magistrate.

Judgment of conviction for driving under the influence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Michael Klee Wallace appeals from his judgment of conviction for felony driving under the influence.  Wallace alleges the magistrate court erred by failing to quash the State's amended complaint charging him with felony driving under the influence and allow him to plead guilty to the original misdemeanor charge.  Invited errors are not reversible.  Because Wallace's counsel invited the error by telling the magistrate court that Wallace would not plead guilty until he knew whether the State was pursuing a misdemeanor or felony charge, Wallace's claim is barred.  The felony judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Wallace with driving under the influence, Idaho Code § 18-8004, and possession of an open container in a motor vehicle, I.C. § 23-505(2), both misdemeanors.  On May 8, 2020, Wallace's counsel filed a document entitled "NOTICE OF APPEARANCE

1

GUILTY PLEA, REQUEST FOR SENTENCING HEARING DATE," which stated that Wallace "hereby pleads guilty, and requests the court to set a sentencing hearing date." On June 30, 2020, the magistrate court held a pretrial conference. Wallace's counsel attended the pretrial conference, however, Wallace was not present because, as Wallace's counsel explained, he was being held in another county on separate charges. Wallace's counsel initially informed the magistrate court that Wallace was going to plead guilty to the misdemeanor driving under the influence charge and asked that sentencing be set for September to give Wallace time to resolve his other pending criminal charges. The State objected, arguing that because Wallace had previously been convicted of driving under the influence, the State would be amending the complaint to felony driving under the influence. In response, Wallace's counsel stated she was not aware of this development and, because of this change, she did not think Wallace would be entering a guilty plea. When the magistrate court stated it would reschedule the pretrial conference, Wallace's counsel did not object, and the parties agreed to continue the pretrial conference to July 30, 2020. On July 10, 2020, the State filed an amended complaint charging Wallace with felony driving under the influence and possession of an open container in a motor vehicle.

Wallace was not present at the July 30, 2020, pretrial conference. Wallace's counsel explained to the magistrate court that while he knew that Wallace was incarcerated in a different county, he did not understand why Wallace had not appeared for the hearing. Wallace's counsel argued that Wallace intended to plead guilty at the June 30, 2020, pretrial conference, which would have precluded the State from filing an amended complaint, and Wallace communicated this intent by filing a written guilty plea. Further, Wallace's counsel alleged Wallace was prevented from entering the guilty plea by not being transported to the June 30, 2020, hearing and, as such, the magistrate court had the discretion to deny the State's amended complaint.

The magistrate court disagreed. The magistrate court explained that because Wallace had not pleaded guilty at the previous hearing, the State had properly filed the amended complaint, and the amended complaint had been signed by the court, there was no available remedy by which the court could quash the amended complaint and allow Wallace to plead guilty to the original misdemeanor charge. Additionally, the magistrate court explained to Wallace's counsel that, although the hearings were being conducted through Zoom, a transport order was still necessary for Wallace to be transported to Ada County to appear on Zoom for the hearing. The magistrate

2

court continued the pretrial conference to allow time for Wallace's counsel to file relevant motions[1] related to Wallace's transport and his underlying claim.

At the subsequent pretrial conference, Wallace's counsel again argued that he had intended to plead guilty at the June 30, 2020, pretrial conference but was precluded from doing so because he was not transported to the hearing. The magistrate court stated that the filing of a written guilty plea does not constitute the court's acceptance of the plea and, since no guilty plea had been accepted and the amended complaint had been signed by a judge, the case would proceed under the charges in the amended complaint. The magistrate court arraigned Wallace on the charges in the amended complaint. The State subsequently filed an information charging Wallace with felony driving under the influence and an enhancement for being a persistent violator.

Pursuant to a plea agreement, Wallace entered a conditional guilty plea to felony driving under the influence, reserving his right to appeal any adverse decisions previously made in the proceeding, specifically: "Any adverse hearing[s] on June 30, July 30 & Sept 4, 2020. Violation of Due Process/Speedy Prelim. Not being brought to court to enter initial plea when hearings were being held by Zoom." The State dismissed the persistent violator enhancement and the remaining misdemeanor charge. The district court sentenced Wallace to a unified term of ten years, with two and one-half years determinate, to be served concurrently with the sentence imposed in another case. Wallace timely appeals.

## II.

## STANDARD OF REVIEW

Acceptance of a defendant's guilty plea is within the discretion of the trial court. *Schroger v. State*, 148 Idaho 622, 630, 226 P.3d 1269, 1277 (2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it;

---

[1] It is unclear whether Wallace ever filed a motion related to his argument that the magistrate court should quash the amended complaint. At the September 4, 2020, pretrial conference, Wallace told the magistrate court that he did not file a motion because there was no relevant case law or rules on the issue; the court subsequently denied the "motion to reject amended complaint" on September 22, 2020. No such motion is in the appellate record.

and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Mindful of the factual and procedural history of the case and "the lack of any authority to support his requested relief," Wallace alleges the magistrate court erred when it refused to quash the State's amended complaint and accept his guilty plea to the misdemeanor driving under the influence charge.[2] In response, the State argues Wallace's claim is barred by the invited error doctrine and, alternatively, Wallace has failed to allege, much less show, error.

The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

Wallace may have initially intended to plead guilty to the original misdemeanor charge of driving under the influence and filed a written document expressing that intent on May 8, 2020. However, defendants are not permitted to plead guilty to a misdemeanor driving under the influence charge through a written plea. *State v. Farfan-Galvan*, 161 Idaho 610, 612 n.3, 389 P.3d 155, 157 n.3 (2016) (holding Idaho Misdemeanor Criminal Rule 14(b) and I.C. § 19-3905 bar defendants from entering written guilty pleas to driving under the influence charges). Accordingly, by the June 30, 2020, pretrial conference, Wallace had not pleaded guilty to the misdemeanor driving under the influence charge. Subsequently, at the June 30 pretrial conference, Wallace's counsel declined to pursue a guilty plea, stating "I imagine we're not going to be entering a plea of guilty on behalf of the client because I don't know if they know it's a felony or not." Because Wallace's counsel declined to pursue a guilty plea until the State confirmed whether it would be

---

[2] Wallace also "asserts his rights to due process and a speedy preliminary hearing were violated when the State failed to have him appear" at the June 30, 2020, pretrial conference. To the extent this claim is separate from Wallace's assertion that the magistrate court erred by failing to quash the amended complaint and allow him to plead guilty to the misdemeanor charge, Wallace provided no argument or authority to support his assertion and, as a result, he waives consideration of this claim on appeal. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding party waives issue on appeal if either authority or argument is lacking).

amending the driving under the influence charge to a felony offense, any alleged error arising from Wallace's inability to plead guilty to the original misdemeanor charge before it was amended to a felony is barred by the invited error doctrine.

Further, Wallace does not provide any authority that would permit the magistrate court to reject a properly filed and accepted amended complaint so that a defendant could plead guilty to the charge in the original complaint. Wallace also does not argue that the magistrate court would have accepted his plea to the original charge. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). As a result, Wallace waived consideration of his claim on appeal.

## IV.

## CONCLUSION

Wallace's claim that the magistrate court erred by failing to quash the amended complaint and allow him to plead guilty to the original misdemeanor charge of driving under the influence is barred by the invited error doctrine. Accordingly, Wallace's judgment of conviction is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.