**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49078**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>CHARLES BRADLEY PRICE,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  January 17, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Bruce L. Pickett, District Judge.

Order withholding judgment for driving under the influence and possession of an open container by driver, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Charles Bradley Price appeals from the district court's order withholding judgment following his conditional guilty plea to felony driving under the influence (DUI) and misdemeanor possession of an open container, Idaho Code §§ 18-8005(6); 23-505(2).  Price argues the court erred by denying his motion to dismiss.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal is the second appeal addressing Price's motion to dismiss a 2019 felony DUI charge.  Initially, the State appealed the district court's decision to grant Price's motion.  Addressing that appeal, this Court set forth the proceedings related to Price's motion to dismiss:

> In 2019, the State charged Price with felony DUI, two or more convictions within ten years, and misdemeanor open container.  Price moved to dismiss the

1

felony, asserting that his DUI conviction from 2017 ["2017 DUI"] had been obtained in violation of his right to counsel and therefore, could not be used for enhancement purposes. The State opposed the motion.

The district court reviewed the record of the 2017 case and made the following factual findings: (1) during or before his arraignment, Price watched a video that explained his rights, including his right to counsel; (2) Price acknowledged that he watched the video and understood his rights; (3) Price did not have counsel at the arraignment, but told the magistrate court that he was going to look into getting an attorney; (4) on the misdemeanor minute entry log for the arraignment, the magistrate court marked that Price would retain counsel; (5) at the change of plea and sentencing hearing, the magistrate court asked Price, "Are you representing yourself today?" and Price answered "Yes"; (6) the magistrate court asked no further questions about Price's representation; and (7) on the misdemeanor minute entry log for the change of plea and sentencing hearing, the magistrate court did not mark that Price had waived counsel.

The district court then concluded: (1) the verbal exchange between Price and the magistrate court was "at best ambiguous" as to whether Price was waiving his right to counsel; (2) it was the State's burden to establish a valid waiver; and (3) the State had not established that Price intentionally waived his right to counsel. As a result, the district court issued an order granting Price's motion to dismiss.

*State v. Price*, Docket No. 47608 (Ct. App. Dec. 14, 2020) (unpublished).

The State appealed this decision, arguing that "the district court erred by incorrectly shifting the burden of proof to the State to prove Price *was not* denied the right to counsel rather than imposing the burden on Price to prove he *was* denied counsel." *Id.* In response, Price agreed he had the burden "to prove that he did not knowingly, intelligently, and voluntarily waive his right to counsel." *Id.* He asserted, however, that "because he demonstrated the record was silent as to his alleged waiver of counsel," he had shown a denial of counsel. *Id.* This Court ruled that "the district court incorrectly believed the State had the burden to establish Price validly waived counsel." *Id.* As a result, the Court remanded for the district court to determine whether Price could "meet his burden of establishing the absence of a valid waiver." *Id.*

On remand, the parties filed new briefs on the motion to dismiss but did not present any additional evidence. Applying the correct burden of proof, the district court denied Price's motion to dismiss. It rejected Price's assertion that the record was silent "regarding a valid waiver," concluding the State had rebutted "the notion that the record is silent on the elements of a valid waiver." The court found that, in the 2017 DUI case, Price had acknowledged viewing the court's video regarding his constitutional rights, including his right to counsel; "express[ed] a level of knowledge and understanding concerning his right to an attorney" during his arraignment after viewing the video; and responded affirmatively to the court's inquiry about whether he was

2

representing himself during the change of plea and sentencing hearing. Based on these facts, the court concluded Price "understood his rights and the importance of an attorney yet chose to continue in the change of plea hearing with his eyes open to the possible outcomes of his decision to proceed without an attorney" in the 2017 DUI case.

After the district court denied the motion to dismiss, Price pled guilty conditionally to the enhanced felony DUI and misdemeanor possession of an open container and reserved his right to appeal the motion's denial. Price timely appeals.

## II.

## STANDARD OF REVIEW

When reviewing a trial court's determination regarding the waiver of a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts as found. *State v. Hoffman*, 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct. App. 1989).

## III.

## ANALYSIS

Price argues the district court erred in rejecting his collateral attack on his 2017 DUI conviction and in denying his motion to dismiss the 2019 felony DUI charge. Idaho Code Section 18-8005(6) provides that any person who pleads guilty to or is found guilty of a DUI charge, who also pled guilty to or was found guilty of two such violations within the previous ten years, is guilty of felony DUI. When the State uses a prior conviction for enhancement purposes under I.C. § 18-8005(6), the defendant may collaterally attack the conviction based on a denial of his Sixth Amendment right to counsel. *State v. Schwab*, 153 Idaho 325, 329-30, 281 P.3d 1103, 1107-08 (Ct. App. 2012).

For felony enhancement purposes, the State bears the burden of making a prima facie showing of the prior convictions' validity. *Id.* at 330, 281 P.3d at 1108. This burden only requires the State to produce the judgments of conviction or other evidence of the convictions' existence. *Id.* Then, the burden shifts to the defendant to prove a conviction is constitutionally defective. *Id.; see also Iowa v. Tovar*, 541 U.S. 77, 92 (2004) ("[I]t is the defendant's burden to prove that he did not competently and intelligently waive his right to assistance of counsel."). To meet this burden, the defendant must produce evidence establishing a constitutional challenge to a judgment's validity. *Schwab*, 153 Idaho at 330, 281 P.3d at 1108. A defendant's mere assertions, unsupported

3

by evidence, are insufficient to establish a constitutional challenge to the validity of a waiver. *State v. Moore*, 148 Idaho 887, 895-96, 231 P.3d 532, 540-41 (Ct. App. 2010). Rather, a defendant must present some evidence of a constitutional defect to shift the burden back to the State to prove its assertion of the conviction's validity. *Id.*

On appeal, Price argues this case "is not meaningfully different" from *State v. Farfan-Galvan*, 161 Idaho 610, 389 P.3d 155 (2016). In that case, Farfan-Galvan appealed a felony DUI conviction, arguing a prior 2010 DUI conviction, on which the State relied to enhance the DUI charge from a misdemeanor to a felony, violated his Sixth Amendment right to counsel. *Id.* at 611, 389 P.3d at 156. Addressing Farfan-Galvan's collateral attack, the Idaho Supreme Court focused on documents in the record in the 2010 DUI case. *Id.* at 611-12, 389 P.3d at 156-57. First, it noted that neither a notice of rights nor a guilty plea form contained any language waiving Farfan-Galvan's right to counsel. *Id.* at 611, 389 P.3d at 156. Second, it noted Farfan-Galvan applied for the appointment of counsel; the clerk denied this application in a letter; but the record was silent regarding the reason for the denial and as to whether Farfan-Galvan actually received the denial letter. *Id.* Further, the Court noted that when the sentencing court inquired whether Farfan-Galvan was "represented by counsel," he responded, "What's that?" *Id.* at 612, 389 P.3d at 157. When the court clarified, "Do you have a lawyer?" Farfan-Galvan responded, "I don't." *Id.* The Court ruled that a "waiver of counsel cannot be presumed from a silent record." *Id.* at 614, 389 P.3d at 159 (relying on *Burgett v. Texas*, 389 U.S. 109, 114-15 (1967)); *but see Parke v. Raley*, 506 U.S. 20, 31 (1992) (rejecting suggestion *Burgett* stands for "proposition that every previous conviction used to enhance punishment is 'presumptively void' if waiver of a claimed constitutional right does not appear from the face of the record"). The Court concluded the record in the 2010 DUI case "did not contain any indication that Farfan-Galvan had waived his right to counsel," and it held that the State could not rely on the 2010 DUI conviction to enhance the subsequent DUI charge to a felony. *Farfan-Galvan*, 161 Idaho at 615, 389 P.3d at 160.

In response to Price's reliance on *Farfan-Galvan*, the State argues this case is more similar to *Tovar*, 541 U.S. 77. In that case, Tovar challenged the State's reliance on a 1996 DUI conviction to enhance a subsequent DUI charge, arguing his waiver of counsel in the 1996 DUI case was invalid. *Id.* at 85. During the 1996 DUI case, Tovar appeared at arraignment without counsel, responded affirmatively to the trial court's inquiry whether he wanted to represent himself, and pled guilty. *Id.* at 82. The court then informed Tovar of his right to trial counsel and that Tovar

would give that right up if he pled guilty, and it inquired whether he still wanted to plead guilty, to which he responded affirmatively that he did. *Id.* at 84. At sentencing, Tovar again appeared without counsel; the court inquired whether he wanted to hire an attorney or to represent himself; and Tovar responded he would represent himself. *Id.* After Tovar's conviction on the subsequent DUI charge, the Iowa Supreme Court held that his guilty plea in the 1996 DUI case was "constitutionally inadequate." *Id.* at 86. It ruled that a defendant who pleads guilty "without the assistance of an attorney must be advised of the usefulness of an attorney and the dangers of self-representation in order to make a valid waiver of his right to counsel." *Id.* at 86.

On appeal in *Tovar*, the United States Supreme Court reversed. It noted that "the information a defendant must have to waive counsel intelligently will depend, in each case, upon the particular facts and circumstances surrounding that case." *Id.* at 92 (internal quotation marks omitted). Further, it noted that "it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Id.* In analyzing whether Tovar met this burden, the Court noted that in the 1996 DUI case, he "indicated that he waived counsel at his initial appearance," "affirmed that he wanted to represent himself at the plea hearing," and "declined the court's offer of 'time to hire an attorney' at sentencing." *Id.* at 91. The Court also noted that Tovar "never claimed that he did not fully understand the charge or the range of punishment from the crime prior to pleading guilty"; "never articulated with precision the additional information counsel could have provided, given the simplicity of the charge"; and never asserted "he *was* unaware of his right to be counseled prior to and at his arraignment." *Id.* at 93 (brackets and quotation marks omitted). Based on these facts, the Court concluded Tovar failed to meet his burden to establish he did not validly waive his right to counsel in the 1996 DUI case. *Id.*

We disagree with Price's arguments that this case is indistinguishable from *Farfan-Galvan*; Price "satisfied his burden by showing that the record was silent as to waiver"; and "the [district] court inferred a waiver from a silent record." Unlike *Farfan-Galvan*, the record in this case is not silent. In *Farfan-Galvan*, nothing in the record showed Farfan-Galvan had been advised of his right to counsel; nonetheless, Farfan-Galvan applied for but was denied appointed counsel; and later, Farfan-Galvan indicated he did not understand what "counsel" was. *Farfan-Galvan*, 161 Idaho at 611-12, 389 P.3d 156-57. In contrast, Price does not dispute that: (1) before arraignment he watched a court-prepared video about his constitutional rights, including his right to counsel;

(2) during the arraignment Price acknowledged his right to counsel, stating Price was "going to look into getting an attorney"; (3) in response, the court again informed Price that "you have that right"; and (4) then at sentencing Price responded affirmatively to the court's inquiry whether he was representing himself. Further, Price does not dispute he understood his right to counsel based on Price's viewing of the video about his constitutional rights, acknowledged that right by indicating he might retain an attorney, and did not express confusion when asked whether Price was representing himself. Finally, Price has never claimed that the district court in the 2017 DUI case did not inform him of the nature of the charges against him, of his right to counsel regarding the plea, or of the allowable range of punishment. *See Tovar*, 541 U.S. at 81 (ruling constitutional requirement of informing defendant about Sixth Amendment right to counsel is "satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea"). Based on the particular facts and circumstances in the 2017 DUI case, Price failed to show the 2017 DUI conviction is constitutionally defective. *Id.* at 92 (ruling valid waiver depends on particular facts and circumstances surrounding case).

**IV.**

**CONCLUSION**

The district court did not err in denying Price's motion to dismiss the felony DUI. The order withholding judgment is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

6